**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel Michael DALY,**
**Defendant–Appellant.**

No. 86–6697.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 1987 [*].

Decided Feb. 12, 1988.

Daniel Michael Daly, in pro per.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Michael W. Emmick, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before O'SCANNLAIN and LEAVY, Circuit Judges, and KING,** District Judge.

SAMUEL P. KING, District Judge:

## FACTS

On September 21, 1981, in a jury trial with three codefendants, Daly was found guilty of conspiracy in violation of 18 U.S.C. § 371 and two counts of receiving falsely made securities in violation of 18 U.S.C. § 2315. The securities were counterfeit automobile certificates of title used as part of a car theft scheme.

On October 29, 1981, the district court sentenced Daly to four years for the violation of section 371 and five years for the two counts of violation of section 2315. Of the five year sentence for violations of section 2315, the district court ordered that the first 120 days were to be spent in a jail-type institution, with the balance of the sentence suspended and the defendant placed on five years probation. The sentence under section 2315 was made consecutive to the sentence under section 371.

On October 30, 1981, Daly filed a notice of appeal, and on November 20, 1981, the Circuit Court ordered him released on bond pending appeal. On November 3, 1983, the Ninth Circuit affirmed Daly's conviction. *United States v. Daly,* 716 F.2d 1499 (9th Cir.1983), *cert. dismissed,* 465 U.S. 1075, 104 S.Ct. 1456, 79 L.Ed.2d 773 (1984). On November 18, 1983, the district court filed a Notice of Filing and Spreading of Judgment of United States Court of Appeals. On December 5, 1983, Daly failed to appear for the filing and spreading of judgment, and a bench warrant was issued for his arrest.

** Honorable Samuel P. King, Senior United States District Judge, District of Hawaii, sitting

Daly was subsequently arrested by the State on separate charges, and on December 11, 1984 pleaded nolo contendere in Orange County Superior Court to charges that he took a vehicle without the owner's consent, in violation of California Vehicle Code § 10851. He was sentenced by the Superior Court to three years probation and time served.

On December 28, 1984, defendant was taken into federal custody and brought before District Judge Real. The district court dismissed the charge of failure to appear. On that date, Daly began to serve the federal sentence. On March 25, 1985, Daly's probation officer notified Judge Real of the state criminal violation. On April 18, 1985, the district court issued an Order to Show Cause Why The 1981 Probationary Order Should Not Be Revoked. On June 3, 1985, Daly appeared before the court and admitted to the allegation of the probation officer. Based upon that admission, the court revoked the prior probation order.

On September 9, 1985, Daly filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion was based, *inter alia,* on grounds that 1) the misconduct occurred prior to the commencement of the probationary period, and 2) his reincarceration extinguished the district court's jurisdiction to revoke the probation. The district court denied the motion on November 24, 1986, citing *United States v. Jurgens,* 626 F.2d 142 (9th Cir. 1980), as dispositive of both claims. On December 7, 1986, Daly filed this appeal.

## DISCUSSION

### A. *Standard of Review*

The district court has broad discretion to revoke probation, and such decisions are reviewed only for an abuse of discretion. *United States v. Hamilton,* 708 F.2d 1412, 1414 (9th Cir.1983). However, the issue on Daly's appeal is whether the district court properly assumed jurisdiction to revoke probation. The court of appeals reviews *de*

by designation.

*novo* as a question of law a district court's assumption of jurisdiction. *United States v. Levitt,* 799 F.2d 505, 506 (9th Cir.1986).

### B. *Probation Revocation for Pre–Probation Misconduct*

The crime for which Daly's probation was revoked was committed subsequent to sentencing but prior to commencement of the probationary period. Daly argues that since he was not on probation at the time of the misconduct, it was technically and legally impossible for him to violate his probation order.

The federal probation statute in effect at all times relevant to Daly's case granted the district court authority to issue a warrant for the arrest of a probationer for "violation of probation occurring during the period of probation." 18 U.S.C. § 3653. Thus, the statute does not expressly authorize the district court to revoke probation for conduct occurring after sentencing but before the sentence commences, nor does it expressly forbid it.

The district court cited *Jurgens,* 626 F.2d at 144, as support for its decision to revoke Daly's probation. In *Jurgens,* the court ordered that the convicted defendant be confined for six months, with the remainder of his five year sentence suspended on the condition that he complete a four year probationary period to commence upon completion of the term of confinement. *Id.* at 142. Subsequent to the imposition of sentence, a probation officer filed a report with the court explaining that:

> During the course of the presentence investigation, which was ordered on February 8, 1979, and subsequent to the imposition of sentence on March 8, 1979, Mr. Dwight Conrad Jurgens allegedly embezzled approximately $5,000 from his employer.... This information was not known to the court at the time of sentencing.

*Id.* at 143. The district court ordered Jurgens' probation revoked based upon the new misconduct.

Jurgens appealed the revocation of probation, arguing that the trial court's power to revoke probation is limited to conduct

which occurs during the period of probation. On appeal the Ninth Circuit affirmed the district court. It relied on the "fraud on the court" doctrine, which allows a district court to revoke probation before probation has commenced where the sentencing judge would not have granted probation had he been aware of facts which the defendant had concealed. *See United States v. Dozier,* 707 F.2d 862 (5th Cir. 1983); *Trueblood Longknife v. United States,* 381 F.2d 17 (9th Cir.1967), *cert. denied,* 390 U.S. 926, 88 S.Ct. 859, 19 L.Ed. 2d 987 (1968).

*Jurgens* is similar to the case at hand in that in both cases a district court revoked a defendant's probation because of misconduct that occurred after the sentence was imposed but before probation commenced. Thus, the district court concluded that *Jurgens* supported its decision to revoke bail.

However, *Jurgens* is subject to criticism for rationalizing that the district court was fraudulently induced to grant probation where the misconduct supposedly "concealed" from the district court at sentencing did not occur until after the sentence had been imposed. Indeed, one Fifth Circuit opinion suggests that the "fraud at sentencing" doctrine should not apply to misconduct occurring after the sentencing. In *United States v. Wright,* 744 F.2d 1127 (5th Cir.1984), the Fifth Circuit explained that the doctrine justifies revocation of probation where "the district court learns of a fact known to the defendant, but previously unknown to the court, that would have altered the court's sentencing decision." *Id.* at 1131.

In addition to this criticism, Daly further renders the applicability of *Jurgens* questionable by alleging that the district court knew about his misconduct at the time he was brought before Judge Real on the warrant for failure to appear, yet the district court did not revoke his probationary sentence at that time. We believe that whether Judge Real knew about the defendant's misconduct is irrelevant. Moreover, there is no evidence in the record that establishes this knowledge on the part of Judge Real.

Despite the uncertainties over the "fraud at sentencing" doctrine, the revocation of Daly's probation should be affirmed under the more direct rule that a district court may revoke probation for post-sentence but pre-probation misconduct. This rule has not been applied in the Ninth Circuit, although it has been adopted by the Third and Seventh Circuits. *See United States v. Veatch,* 792 F.2d 48, 52 (3d Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 407, 93 L.Ed.2d 359 (1986); *United States v. Yancey,* 827 F.2d 83, 86–88 (7th Cir. 1987). It should be noted that *Yancey* overruled *United States v. Dick,* 773 F.2d 937 (7th Cir.1985), in which the Seventh Circuit originally took the position that the Probation Act did not authorize a district court to revoke probation for misconduct that occurred prior to commencement of the probationary period.

Furthermore, such a rule finds substantial support in an amendment to the federal Probation Act which explicitly states that if a "defendant violates a condition of probation at *any time prior* to the expiration or termination of the term of probation," the court may revoke probation. 18 U.S.C. § 3565 (emphasis added). Because the statute as amended did not become effective until November 1, 1987, it does not control this case. However, it stands as strong evidence of what Congress intended under the prior statute which was ambiguous on the point. *See Yancey,* 827 F.2d at 87–88 ("we are persuaded by the [amendment] that the Probation Act was never intended to limit revocation authority to the period of probation").

This case presents this Circuit with an opportunity to clarify its position on revocation of probation based on misconduct occurring after sentencing but prior to probation. While *Jurgens* indicates that this Circuit allows such revocation by the district court, it does so by twisting the "fraud at sentencing" doctrine. We are persuaded by the reasoning of *Yancey,* 827 F.2d at 87–88, and we adopt the approach of the Third and Seventh Circuits by holding that a district court may revoke probation for a pre-probation offense.

## C. *Post–Incarceration Revocation of Probation*

Daly also argues that even assuming the district court could revoke probation for misconduct which occurred prior to commencement of probation, it lost that authority once he began serving the first of the consecutive sentences. He relies primarily on *Affronti v. United States,* 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955), for the proposition that a district court has no jurisdiction to modify probation once a defendant has begun to serve a period of incarceration. Indeed, the Court in *Affronti* stated that "the probationary power ceases with respect to all of the sentences ... immediately upon imprisonment for any part of the cumulative sentence." *Id.* at 83, 76 S.Ct. at 174. However, the Court was addressing the power of a district court to suspend sentence and *grant* probation once a defendant had begun to serve cumulative sentences. In that context, the Court stated that it was "unlikely that Congress would have found it wise to make probation apply in such a way as to overlap the parole and executive-clemency provisions of the law." *Id.* Obviously, a decision to revoke probation in no way interferes with the executive parole or clemency power.

The Fifth Circuit cited *Affronti* to support its conclusion that the same offense could not be used to revoke parole on a sentence and also to revoke the uncommenced probation on a consecutive sentence. *Wright,* 744 F.2d at 1130–31. However, regardless of whether *Wright* properly interpreted *Affronti,* that court's concern with the overlap of parole and probation is again absent from this case.

Furthermore, the facts in *Jurgens* suggest that the defendant in that case was incarcerated at the time the court commenced his revocation proceedings. The defendant's original sentence was to be executed on March 22, 1979, yet the revocation proceeding did not take place until May 1979. The opinion in that case does not question the propriety of the hearing.

In *Levitt*, this court stated without qualification that a probation sentence restriction "applies as readily while [the defendant] serves the jail portion of his sentence as while he is at liberty." *Id.* at 507.

There is no other impediment to the district court's exercise of jurisdiction over Daly's probation sentence, except for the statutory requirement that revocation proceedings be commenced "[a]s speedily as possible." 18 U.S.C. § 3653. The process by which Daly's probation was revoked commenced less than four weeks after Judge Real received the probation officer's report regarding Daly's state arrest. This delay did not constitute a violation of Daly's statutory or due process rights. *See United States v. Redd,* 759 F.2d 699, 701–02 (9th Cir.1985); *United States v. Wickham,* 618 F.2d 1307, 1308–11 (9th Cir. 1979).

The judgment of the district court is AFFIRMED.