982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Courtney James VAN RIPER, Jr., Defendant-Appellant.
 No. 92-8022.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This is a direct appeal from the district court's revocation of the appellant's probation under 18 U.S.C. § 3565. On February 2, 1987, the appellant plead guilty in the United States District Court for the District of Wyoming to the interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312 (Count I), and to the uttering of a forged U.S. treasury check in violation of 18 U.S.C. § 310(a)(2) (Count II). On Count I, he was sentenced to three years of incarceration and ordered to pay $3,000 in restitution within five years from his release from prison. On Count II, he was given a ten-year suspended prison sentence and three years of probation to begin upon his release from prison on Count I. In addition he was ordered to pay restitution in the amount of $1,636.16 within five years of his release from prison.[1]
 
 
 2
 On November 10, 1988, the appellant was released from prison on Count I pursuant to 18 U.S.C. § 4164, which deemed such early release to be the equivalent of parole. In addition, on November 14, 1988, appellant signed an agreement acknowledging that he had begun his term of probation on Count II and recognizing the conditions thereof. From the date of his release on November 10, 1988 until March 13, 1989, appellant was concurrently on parole under Count I and probation on Count II. Following March 13, 1989 the term of parole was satisfied but probation continued under Count II. Among other conditions of the probation, appellant was required to make periodic reports to his probation officer and he was forbidden to leave the judicial district without permission from his probation officer. In February 1989 he stopped making his periodic reports. Appellant was suspected of having left the district without permission, and thus, on April 10, 1989, the district court in Wyoming issued a warrant for his arrest. On December 21, 1991, appellant was arrested in Florida for evading a police officer and he was subsequently returned to Wyoming for probation revocation proceedings on Count II.
 
 
 3
 On March 26, 1992, the district court revoked the appellant's probation, ordered him to serve a one-year prison sentence under Count II, and reimposed the restitution obligations. The appellant appeals claiming: (1) that his initial probation on Count II was invalid because it ran concurrently with parole on Count I, and (2) that the reimposition of his restitution obligation was improper.[2] We find these claims to be without merit and accordingly affirm the district court.
 
 
 4
 I. May Probation on One Count Run Concurrently With Parole on Another Count?
 
 
 5
 The appellant claims that the district court improperly imposed probation running concurrently with parole at the time he was first sentenced.[3] Thus appellant claims that probation on Count II should not start to run until after the term of parole on Count I had expired. Thus, he argues that because the alleged violations of probation occurred before the expiration of his parole term, such violations actually preceded the term of probation and hence can not be considered as violations of the probation. We disagree with the premise of appellant's argument and hence do not need to address the validity of the remainder of his argument. We hold that there is no inherent conflict in the concurrent application of parole and probation to separate counts.[4]
 
 
 6
 At least one other circuit has addressed this issue and found that probation may overlap with parole. The Ninth Circuit ruled that
 
 
 7
 "[a] defendant may simultaneously be on parole and probation. There is nothing inherently inconsistent about the two custodial formats. They constitute two separate punishments for two separate crimes. They may be served concurrently as readily as a jail term and probation can be simultaneously served."
 
 
 8
 United States v. Laughlin, 933 F.2d 786, 789 (9th Cir.1991).
 
 
 9
 The appellant's argument relies on the Supreme Court decision in Affronti v. United States, 350 U.S. 79 (1955), where the Court held that "the probationary power [of the court] ceases with respect to all of the sentences composing a single cumulative sentence immediately upon imprisonment for any part of the cumulative sentence." Id. at 83. In Affronti the Court did not hold that terms of probation and parole for different sentences could never be served concurrently. Rather, the Court simply held that a sentence of probation must be imposed at the time of sentencing and it can not be imposed later by the court on that part of a consecutive sentence which has not yet been served. Such a subsequent imposition of probation looks too much like parole to allow it absent clear legislative authority.
 
 
 10
 Affronti is inapposite to the instant case. Here, the probation was part of the original sentence and was imposed before the execution had begun on any portion of the combined sentence. Van Riper's sentences are therefore not subject to the restrictions set forth in Affronti.
 
 
 11
 The district court's revocation of Van Riper's probation on Count II pursuant to 18 U.S.C. § 3653 had no effect on the clemency or parole power of the executive. See United States v. Daly, 839 F.2d 598, 601 (9th Cir.1988) ("A decision to revoke probation in no way interferes with the executive parole or clemency power."); United States v. Bailey, 1991 U.S.Dist. Lexis 13378 (N.D.Ill.1991) ("Probation revocation remains a judicial function and in no way interferes with the parole authority of the executive branch.") In the instant case, probation and parole attached to two different sentences. There was no overlap of power; the executive branch controlled the parole term arising out of Count I, and the judicial system controlled the probationary term that applied to Count II.
 
 
 12
 Because we hold that appellant was on probation at the time of the acts violating the conditions of his probation, the cases of United States v. Wright, 744 U.S. 1127 (5th Cir.1984), and United States v. Dick, 773 F.2d 937 (7th Cir.1985),[5] relied on by the appellant, are inapplicable. These cases addressed whether a crime committed before a term of probation had commenced could trigger revocation of the uncommenced probation. In neither case was the defendant on probation when he committed the act that violated his probation; in Dick, the defendant was free on bond awaiting appeal, and in Wright, the probationary sentence was conditioned upon the completion of an earlier sentence which was still extant at the time of the offense.
 
 
 13
 In the instant case, the record reveals that Van Riper was on probation when he violated the conditions of his probation. The Judgment and Commitment Order describing the appellant's sentence states that the probation for Count II was to begin "upon the defendants [sic] release from imprisonment." Van Riper had been released from prison before he committed the acts that violated his probation. Furthermore, on November 14, 1988, the appellant signed a document entitled "Conditions of Probation" which set forth that "PROBATION COMMENCED NOVEMBER 10, 1988."[6] Finally, the transcript from the probation revocation hearing indicates that Van Riper was aware of his probation and, for part of the term, was in regular contact with his probation officer in compliance with the conditions of his probation. Therefore, we need not address whether probation may be revoked for acts that occurred before the term of probation began.
 
 
 14
 Accordingly, we find that the appellant was properly subject to parole and probation simultaneously and that the district court properly revoked his probation.
 
 II. The Reimposition of the Restitution
 
 15
 At the probation revocation hearing, and again in its Order Clarifying Sentence, the district court reaffirmed the restitution that had been ordered at the appellant's initial sentencing. The appellant contends that the district court reimposed the restitution payments without considering his destitute financial situation.[7]
 
 
 16
 The record does not support the appellant's contention that his financial situation was not considered. As this court noted in Rogat, "[a] restitution order will be upheld if the evidence indicates a defendant has some assets or earning potential and thus possibly may be able to pay the amount ordered." 924 F.2d at 985. The record in this case is sufficient to support such a conclusion. During the probation revocation hearing, the court was informed that the appellant: (1) had nearly $7,000 in an account that he was waiting "to be freed up"; (2) had employment prospects and was self-employed at the time of his arrest; and (3) had made partial restitution payments and satisfied the special assessments from prison. Contrary to the appellant's contention, "the judge need not specifically recite his findings regarding [the defendant's financial condition]." Rogat, 924 F.2d at 986.
 
 
 17
 The appellant raises two additional arguments regarding his restitution order for the first time in his reply brief.[8] The appellant first claims that his original restitution order was invalid because it provided for repayment beyond his term of probation in violation of 18 U.S.C. § 3579(f)(2)(A).[9] If the original term of restitution payment was in violation of the law, the appropriate remedy would be for this court to remand for the imposition of a shorter term. However, the appellant is no longer on probation, and the claim is therefore moot. The order arising out of the probation revocation hearing imposed a term of imprisonment and pursuant to 18 U.S.C. § 3579(f)(2)(B) the court can allow up to five years after a term of imprisonment to make restitution. The order requiring restitution before November 9, 1993, is clearly within this time limit. [Order Clarifying Sentence at 5]
 
 
 18
 The appellant makes the related claim in his primary brief that according to the sentence imposed at the probation revocation hearing he is forced to pay the entire restitution amount in "just over a year." [Appellant's Brief at 12]. We find this objection to be disingenuous; the court merely reasserted the time limitation of the original order. The appellant signed the "Conditions of Probation" on November 14, 1988, which acknowledged his obligation to pay restitution within five years. He had been out of prison for several years before he was arrested in Florida and was apparently self-employed. In light of these factors we do not see any hardship in the district court's order.
 
 
 19
 For the first time in his reply brief, the appellant also challenges the authority of the court to reimpose the restitution order at the probation revocation hearing. He argues that the court initially invoked the authority of 18 U.S.C. § 3651, which allows restitution to be imposed as a condition of probation. He next contends that, when the court revoked his probation, its power to impose restitution vanished and that it cannot now invoke another provision to reimpose the restitution. We disagree.
 
 
 20
 Under 18 U.S.C. § 3653, the court upon revocation of probation "may impose any sentence which might originally have been imposed." At the original sentencing, restitution could clearly have been imposed on the appellant under the restitution provisions of the Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3579-3580. See United States v. Hill, 798 F.2d 402, 404 (10th Cir.1986). Therefore the court properly invoked the provisions of the VWPA in its restitution order.
 
 III. Conclusion
 
 21
 Accordingly, we AFFIRM the district court's Judgment and Probation/Commitment Order of April 8, 1992 and its Order Clarifying Sentence of April 16, 1992.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This is a pre-guidelines sentencing case
 
 
 [2]
 In his primary brief, the appellant raised a third issue claiming that restitution was not reimposed at his probation revocation hearing. However, he withdraws this claim in his reply brief citing to the transcript at pp. 63-64. He apparently did not have access to the transcript in preparing his primary brief
 
 
 [3]
 This jurisdictional question is reviewed de novo. United States v. Daly, 839 F.2d 598, 599-600 (9th Cir.1988)
 
 
 [4]
 The Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, tit. II, 98 Stat.1976, establishes that "a term of probation runs concurrently with any Federal, State or local term of probation, supervised release, or parole for any other offense to which the defendant is subject or becomes subject during the term of probation." 18 U.S.C. § 3564(b). This Act however applies only to crimes committed after October 12, 1987. Van Riper committed the offenses underlying this action prior to that date and therefore the CCCA is inapplicable to this case
 
 
 [5]
 The Seventh Circuit has subsequently held that the Dick case was wrongly decided. United States v. Yancey, 827 F.2d 83, 84 (7th Cir.1985)
 
 
 [6]
 Although the appellant claims that he does not remember signing the document and that his stand-by counsel persuaded him not to challenge its authenticity, there is nothing in the record to support these claims
 
 
 [7]
 A court's determination of the amount of restitution is subject to an abuse of discretion standard. United States v. Rogat, 924 F.2d 983, 985 (10th Cir.1991). Factual findings underlying the award are reviewed under a clearly erroneous standard. Id
 
 
 [8]
 This court is not required to consider issues raised that have been inadequately briefed by both sides. This includes issues that are raised for the first time in a reply brief. United States v. Jenkins, 904 F.2d 549, 554 n. 3 (10th Cir.1990) (citing Fed.R.App.P. 28(a)(2), (4)); United Transp. Union v. Dole, 797 F.2d 823, 827 (10th Cir.1986). However, it is in the court's discretion to reach the merits, and in this case we choose to do so. Mountain Fuel Supply v. Reliance Ins. Co., 933 F.2d 882, 887 (10th Cir.1991) (citing Singleton v. Wulff, 428 U.S. 106, 121 (1976))
 
 
 [9]
 Although the appellant does not distinguish the two separate restitution sentences, it is clear that the $3,000.00 order arising out of Count I was properly spread over five years according to 18 U.S.C. § 3579(f)(2)(B). There is only doubt as to the legality of the $1,636.15 restitution order arising under Count II which the appellant argues should have been limited to the three year term of probation under 18 U.S.C. § 3579(f)(2)(A) because it involved probation