129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Alfonso Vargas NARVIEZ, Defendant-Appellant.
 No. 97-50150.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Oct. 10, 1997.
Decided Oct. 30, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. 75-0322 E; Honorable William B. Enright, District Judge, Presiding.
 Before: REINHARDT and TASHIMA, Circuit Judges, and FITZGERALD, District Judge.**
 MEMORANDUM*
 Carlos Alfonso Vargas-Narviez ("Vargas") appeals from a judgment of the district court revoking his probation after his admission that he violated the terms of his probation by escaping from federal custody in 1975. 18 U.S.C. § 1865 (repealed 1987). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 We review de novo the question of whether the district court had jurisdiction to revoke Vargas' probation. See United States v. Neville, 985 F.2d 992, 994 (9th Cir.1992); United States v. Visman, 919 F.2d 1390 (9th Cir.1990).[1]
 In 1975, Vargas was sentenced to a six-month term of imprisonment in case No. CR 75-0321, and a three-year term of probation in case No. CR 75-0322. The court expressly ordered that the sentence of probation in 75-0322 "shall run consecutive with the sentence imposed in Criminal Case No. 75-0321." Vargas commenced service of his term of imprisonment on April 13, 1975, at a minimum security facility and escaped 18 days later. Thus, because he never completed his prison term, Vargas never began serving his probation term. The district court, however, had the authority to revoke Vargas' probation, based on conduct which occurred after the imposition of sentence, but prior to the commencement of his probation term. United States v. Daly, 839 F.2d 598, 600-01 (9th Cir.1988). Further, the district court could issue a warrant for Vargas' arrest before the commencement of his probation term. See id. at 599-601.
 Looking to the probation statute existing at the time of his sentencing, Vargas argues that the district court's power to issue a warrant for his arrest terminated after five years, the maximum probation period permitted under law. See 18 U.S.C. §§ 3651, 3653 (repealed 1987). We find no merit to this contention. Vargas "cannot obtain credit against the five-year period for any period of time during which he was not in fact under probationary supervision by virtue of his wrongful act." United States v. Rodriquez, 682 F.2d 827, 829 (9th Cir.1982) (quoting United States v. Workman, 617 F.2d 48, 50 (4th Cir.1980)). Specifically, Vargas' probation term did not run while he was a fugitive from justice. See United States v. Crane, 979 F.2d 687, 691 (9th Cir.1992). Accordingly, the time within which the court could issue a warrant for Vargas' arrest had not expired when the district court issued such a warrant in 1985.
 We also find no merit in Vargas' argument that the district court nonetheless lacked jurisdiction to revoke his probation in 1996 due to an unjustified delay in executing the 1985 warrant. A warrant for a probationer's arrest must be executed within a reasonable time after its issuance. United States v. Hill, 719 F.2d 1402, 1405 (9th Cir.1983). Here, Vargas' own conduct as a fugitive caused the delay between the issuance and the execution of the warrant. See United States v. Berry, 814 F.2d 1406, 1410 (9th Cir.1987) (probationer frustrated the execution of the warrant because of his unauthorized absence from the jurisdiction). We acknowledge that the government's dealings with a probationer may raise due process concerns. See Gagnon v. Scarpelli, 411 U.S. 778 (1973); United States v. Hamilton, 708 F.2d 1412, 1414 (9th Cir.1983). In this case, however, we do not find any of the tangible unfairness on the part of the government in dealing with the probationer that is required to demonstrate a due process violation in the probation context. See, e.g., id. at 1414 (inconsistent supervision standards imposed by different probation officers violated due process); United States v. Tyler, 605 F.2d 851, 853 (5th Cir.1979) (decision not to file probation violation charges in first petition for revocation, but to wait until second petition was fundamentally unfair because of unreasonable delay in bringing charges to probationer's attention). Accordingly, the delay here was not unreasonable.[2]
 AFFIRMED.
 REINHARDT, J., dissenting:
 
 
 1
 In 1975, Carlos Alfonso Vargas-Narviez escaped from federal custody. Over ten years later, the government issued a warrant for his arrest. When asked, the government could offer no explantion whatsoever for the delay--it obviously knew of Vargas's escape and it could have issued the arrest warrant at any time, even if Vargas's whereabouts were unknown. Because I believe that in the absence of some explanation, the government's ten-year delay in issuing the warrant is plainly inconsistent with the constitutional requirement of due process, I dissent.
 
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except, as provided by Ninth Cir. R. 36-3
 
 
 [1]
 During oral argument, the United States suggested that this case was moot because Vargas had completed his sentence and been released from custody. However, because the revocation of probation and time served may have collateral consequences for Vargas, we find that the case is not moot. See United States v. Schmidt, 99 F.3d 315, 317 (9th Cir.1996)
 
 
 [2]
 Even assuming, as the dissent argues, that the 10-year delay in issuing the warrant is inconsistent with due process, Vargas has not shown, and the dissent does not argue, that such a violation caused any harm, prejudice or unfairness to Vargas. Since Vargas was a fugitive from justice during this entire period, it is doubtful that he could have been served with the warrant even if it had been issued earlier