**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30076 |
| Plaintiff - Appellee, | D.C. No. 6:09-cr-60060-AA-1 |
| v. | |
| JAMES TRACY CUNEO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted March 5, 2012[**]
Portland, Oregon

Before: W. FLETCHER, FISHER, and BYBEE, Circuit Judges.

Defendant-appellant James Cuneo appeals the district court's revocation of

his probation and its imposition or maintenance of two conditions of his supervised

release.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"The district court has broad discretion to revoke probation, and such decisions are reviewed only for an abuse of discretion." *United States v. Daly*, 839 F.2d 598, 599 (9th Cir. 1988). Cuneo's probation was subject to the special condition that he submit to a computer search "at a reasonable time and in a reasonable manner." The conditions for the search set by the probation officer were reasonable and properly within his discretion, *see United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005), and thus the district court's revocation of Cuneo's probation for failure to abide by them was not an abuse of discretion.

This court "review[s] conditions of supervised release for abuse of discretion," and the petitioner "bears the burden of showing that the [conditions of supervised release] set by the district court involve[] a greater deprivation of liberty than is reasonably required." *United States v. Jeremiah*, 493 F.3d 1042, 1046–47 (9th Cir. 2007). The district court's refusal to permit Cuneo to use marijuana was not an abuse of discretion. *See* 18 U.S.C. § 3583(d). The district court's imposition of a condition requiring that Cuneo participate in a program for monitoring his computer use connected to the Internet, as described in its oral order of March 16, 2011, was also not an abuse of discretion. The court related the condition to the purposes of supervised release, and the condition is not a greater deprivation of liberty than is reasonably necessary. *See United States v. Quinzon*,

643 F.3d 1266, 1271–73 (9th Cir. 2011); *United States v. Goddard*, 537 F.3d 1087, 1089–90 (9th Cir. 2008).  The district court's written order of March 30, 2011, however, differs from its oral order in that it places no limitations on the computer monitoring to which Cuneo must submit.  We vacate the computer monitoring condition described in that written order and remand for the limited purpose of allowing the district court to conform the written order describing the computer monitoring condition to its prior oral order.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.