NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30132 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-02028-SMJ-1 |
| v. | |
| ANDREW THOMAS CARPINO, AKA Andrew Looney, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted February 6, 2024**
Portland, Oregon

Before: GOULD, BYBEE, and BRESS, Circuit Judges.

Defendant Andrew Carpino appeals the district court's order revoking his probation and sentencing him to 30 months' imprisonment following repeated probation violations. Defendant contends that the district court abused its

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion by revoking his probation and further abused its discretion by imposing a substantively unreasonable sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court has broad discretion to revoke probation. *United States v. Daly*, 839 F.2d 598, 599 (9th Cir. 1988). We review revocation decisions for abuse of discretion and fundamental unfairness. *United States v. Simmons*, 812 F.2d 561, 565 (9th Cir. 1987). Generally, there is an abuse of discretion only when a district court "makes an error of law, [when it] rests its decision on clearly erroneous findings of fact, or when [the panel is] left with 'a definite and firm conviction that the district court committed a clear error of judgment.'" *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc) (citation omitted).

1. The district court did not abuse its discretion by revoking Defendant's probation. The district court's initial sentence of three years' probation was lenient, given that the Sentencing Guidelines recommended a 30- to 37-month term of imprisonment. But in the district court's view, Defendant made compelling assurances that he could comply with the probation terms and recover from his drug addiction. Defendant demonstrably failed to live up to his assurances within the first six months of his probation, and he admitted to six probation violations during that time. Given Defendant's history of noncompliance, the district court did not abuse its discretion in revoking Defendant's probation.

2

2.      Nor did the district court impose a substantively unreasonable sentence. We review "the substantive reasonableness of a criminal sentence under what the Supreme Court has described as 'the familiar abuse-of-discretion standard of review.'" *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)). The "touchstone of reasonableness" is whether the district court meaningfully and rationally considered the circumstances of the case and the factors enumerated in 18 U.S.C. § 3553(a). *Id.* at 1089 (citation omitted). At both Defendant's initial sentencing hearing and his resentencing hearing, the district court explicitly weighed each of the relevant factors in the statute and carefully considered the circumstances of the case.

a.      Defendant does not meaningfully challenge the reasonableness of the sentence. He does not claim that 30 months is an excessive punishment for his offenses. Indeed, the sentence is on the low end of the Sentencing Guidelines' range of 30 to 37 months. Defendant also does not contend that the district court failed to give meaningful consideration to his circumstances or that it committed any procedural errors.

b.      Defendant contends that he should have been re-sentenced to probation in a long-term inpatient treatment facility. The issue, however, is not whether other reasonable sentences were available to the district court, but whether

3

the sentence imposed was substantively unreasonable.  On that, Defendant has no colorable argument.  The district court did not abuse its discretion in sentencing Defendant to 30 months' imprisonment.

**AFFIRMED**