**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3654 |
| Plaintiff - Appellee, | D.C. No. 3:19-cr-01685-CAB -1 |
| v. | |
| RAYMOND LIDDY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted July 16, 2024**

Before: SCHROEDER, VANDYKE, and KOH, Circuit Judges.

Raymond Liddy appeals from the district court's judgment revoking probation and imposing a 24-month sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Liddy contends that there was insufficient evidence to revoke probation

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

because the government did not establish that his statements constituted transmission of threats in interstate commerce, in violation of 18 U.S.C. § 875(c). In evaluating a challenge to the sufficiency of the evidence to support a revocation, we view the evidence in the light most favorable to the government and ask whether any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence. *See United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010); *see also United States v. Hall*, 419 F.3d 980, 985 n.4 (9th Cir. 2005) (probation and supervised release revocation hearings are analyzed in the same manner). The evidence presented at the revocation hearing, including testimony that the phone calls at issue were "made over the internet," was sufficient to support a finding that the calls traveled in interstate commerce. *See United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007) ("[A]s both the means to engage in commerce and the method by which transactions occur, the Internet is an instrumentality and channel of interstate commerce." (cleaned up)). Moreover, regardless of Liddy's belief as to the identity of the other participant on the calls, the evidence was sufficient to support a finding that Liddy intended to communicate a threat. *See United States v. Ehmer*, 87 F.4th 1073, 1120 (9th Cir. 2023). Accordingly, the district court did not abuse its discretion by revoking probation. *See United States v. Daly*, 839 F.2d 598, 599 (9th Cir. 1988).

**AFFIRMED.**

23-3654