UNITED STATES of America, Plaintiff–Appellee,

v.

Marvin L. JOHNSON, Defendant–Appellant.

No. 88–5148.

United States Court of Appeals, Fourth Circuit.

Argued May 12, 1989.

Decided Dec. 27, 1989.

Edwin Chrisco Walker, Assistant Federal Public Defender (William E. Martin, Federal Public Defender, on brief), for defendant-appellant.

Geoffrey Robert Brigham (Margaret P. Currin, U.S. Atty., on brief), for plaintiff-appellee.

Before WIDENER, Circuit Judge, HAYNSWORTH,* Senior Circuit Judge,

---

and ELLIS, District Judge for the Eastern District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

Johnson appeals revocation of his probation and imposition of the remainder of a three-year sentence based on acts which occurred subsequent to sentencing but prior to commencement of his probationary term. Finding no error, we affirm.

On February 19, 1988, Johnson waived indictment and pleaded guilty to a criminal information charging him with possessing a U.S. Treasury check, knowing that it had been stolen from the mail, a violation of 18 U.S.C. § 1708 (1984). There was no written plea agreement. On May 31, 1988, the district court sentenced Johnson to three years' imprisonment, but suspended all but three months of that sentence on the condition that Johnson be confined in a jail-type or treatment institution for three months followed by probation for the remaining part of the three years. Under the terms of his probation, Johnson, among other things, was required to abide by all federal, state and local laws, submit to substance abuse counseling, refrain from the use of all controlled substances, and submit to urinalysis testing.

Johnson was allowed to report at his own expense on July 5, 1988, for three months of confinement at Bannum Place, a community drug treatment center in Wilmington, North Carolina. On July 6 a urinalysis test was administered to Johnson; it showed positive for cocaine. Johnson admitted to the center's staff that he had smoked some marijuana laced with cocaine prior to reporting for confinement. Urine samples taken from Johnson on July 17 and July 23 also tested positive for cocaine. A urine sample taken July 24 tested positive for cocaine and Demerol.

On August 22, 1988, as a result of those test results, the United States Marshal's Service removed Johnson from Bannum Place under a disciplinary transfer by the Federal Bureau of Prisons. On August 25, the Probation Office filed a motion seeking revocation of Johnson's probation because he had tested positive for controlled substances while at Bannum Place. At the revocation hearing September 6, Johnson admitted the charges, but took the position that the drug use occurred prior to the commencement of his probationary period. The district court found that Johnson had violated the terms of his probation by his repeated use of illicit drugs, revoked the probation, and imposed the remaining part of the three-year prison term.

Johnson presents an issue of first impression in this circuit: do district courts have the power to revoke probation for actions which occur prior to the commencement of the probation period? Johnson contends that under the relevant statutes, 18 U.S.C. §§ 3651 and 3653 (1985),[1] the courts have the power to revoke probation only for acts committed during the period of probation.

We start our analysis by recognizing that most of the circuits that have considered this question have held that the district court's power over a probationer includes the power to revoke probation for acts which occur prior to the probationary period. *United States v. Daly*, 839 F.2d 598 (9th Cir.1988); *United States v. Camarata*, 828 F.2d 974 (3d Cir.1987), *cert. denied*, 484 U.S. 1069, 108 S.Ct. 1036, 98 L.Ed.2d 1000 (1988); *United States v. Yancey*, 827 F.2d 83 (7th Cir.1987), *cert. denied*, 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 437 (1988); *United States v. Ross*, 503 F.2d 940 (5th Cir.1974). Contra *United States v. Wright*, 744 F.2d 1127 (5th Cir. 1984) (Court does not have power to revoke

---

* Judge Haynsworth participated in the hearing of this case at oral argument but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

1. Both of these statutes were repealed effective November 1, 1987. They are still applicable, however, to offenses that were committed prior to November 1, 1987. Johnson's underlying

criminal offense occurred on August 1, 1986. Therefore, both statutes are applicable to review of revocation of his probation. Because 18 U.S.C. § 3655, referred to in the body of the opinion, has now provided for revocation of probation for acts occurring at any time within the probationary term, the problem presented here will not often recur.

probation for act which occurred prior to probationary term if probationer is on parole for another offense). We are persuaded that the reasoning of the majority of the circuits is correct and that it is consistent with the policies and purposes of federal probation law.

The federal judicial power to grant and to revoke probation derives entirely from Congress. *Affronti v. United States*, 350 U.S. 79, 83, 76 S.Ct. 171, 173–74, 100 L.Ed. 62 (1955). Section 3651 of Title 18 provides:

... [A]ny court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best....

The court may revoke or modify any condition of probation, or may change the period of probation.

The period of probation, together with any extension thereof, shall not exceed five years.

Section 3653 states:

When directed by the court, the probation officer shall report to the court, with a statement of the conduct of the probationer while on probation. The court may thereupon discharge the probationer from further supervision and may terminate the proceedings against him, or may extend the probation, as shall seem advisable....

At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for

violation of probation occurring during the probation period....

... Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

Neither section puts a limit on the court's power to revoke probation for an act which occurs prior to commencement of the probationary period. And we believe that Congress' silence on the issue should not be interpreted to preclude revocation of probation in a case such as this. Accord *Daly*, 839 F.2d at 600–01.

The district courts have broad discretion to grant probation "when satisfied that the ends of justice and the best interest of the public, as well as the defendant, will be served." 18 U.S.C. § 3651. In *Burns v. United States*, 287 U.S. 216, 220, 53 S.Ct. 154, 155–56, 77 L.Ed. 266 (1932), the Court stated that "an exceptional degree of flexibility" is essential in administering probation in order to accomplish the purpose of the act. The probationer in *Burns* was sentenced to one year's imprisonment on one count and five years' imprisonment on another. The sentence on the second count was suspended and the court granted probation to run from the date of sentencing. While still serving his sentence on the first count, Burns was brought before the court on a charge of violating his probation. The court revoked Burns' probation. Burns appealed, objecting to the summary character of the proceeding, but the Court upheld the revocation. The Court, in *Burns*, characterized probation as "a privilege and cannot be demanded as a right" and as "a matter of favor not of contract" granted the defendant in exceptional cases. *Burns*, 287 U.S. at 220, 53 S.Ct. at 155–56. "It is necessary to individualize each case, to give that careful, humane and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion." *Id.* The Court continued that "[t]here is no suggestion in the statute that the scope of the discretion conferred for the purpose of

making the grant is narrowed in providing for its modification or revocation. The authority for the latter purpose immediately follows that given for the former, and is in terms equally broad." Thus, *Burns* illustrates that a narrow construction of the probation statutes is not the rule and, indeed, *Burns* furnishes the best authority for our decision.

Under *Burns*, we also believe it is unlikely that Congress intended to deprive the original sentencing court of its continuing authority over the probationary sentence. See also *Camarata*, 828 F.2d at 980. This view is supported by a recent amendment to the federal probation act which explicitly states that if a "defendant violates a condition of probation at *any time prior* to the expiration or termination of the term of probation" the court may revoke probation. 18 U.S.C. § 3565 (emphasis added). See *Daly*, 839 F.2d at 601; *Yancey*, 827 F.2d at 87–88.

We agree with *Ross*, 503 F.2d at 943, that the power to revoke probation for acts which occur prior to the probationary period is sound policy, and with *United States v. Veatch*, 792 F.2d 48, 52 (3d Cir.1986), that granting the power to revoke probation permits the correction of a sentence based on an erroneous assumption that defendant would likely benefit from leniency.

We hold that a district court may revoke probation based on actions which occur prior to commencement of the probationary period.

The judgment of the district court is accordingly

AFFIRMED.