907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earl BREEDEN, Sr., Defendant-Appellant.
 No. 89-5808.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 22, 1990.
Decided June 1, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR No. 88-66-A)
 Lawrence E. Freedman, Fairfax, Va., for appellant.
 Henry E. Hudson, United States Attorney, John T. Martin, Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 In April of 1988, the appellant, Earl Breeden, pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of cocaine (21 U.S.C. Sec. 846) and one count of possession of cocaine with intent to distribute (21 U.S.C. Sec. 842(a)(1)). He was sentenced to a five-year term of imprisonment and a three-year special parole term. The district court, however, suspended the term of incarceration and ordered that Breeden be placed on a three-year term of supervised release.
 
 
 2
 During that period of probation, Breeden twice tested positive for cocaine and was regularly absent from an outpatient alcohol abuse program. Upon the recommendation of a United States Magistrate, the district court held a probation revocation hearing. After hearing the testimony of the appellant and Carl Copwood, the appellant's probation officer, the district court revoked Breeden's probation and imposed a term of imprisonment of nine months and a special parole term of three years. The district court based its decision on an August 18, 1989, urinalysis test, confirmed by secondary testing, which showed that the appellant had in fact used cocaine, a clear violation of the terms of his probation.
 
 
 3
 After a thorough review of the record before us, we find that there was ample evidence upon which the district court could reasonably rely in making a decision to revoke probation. Title 18 U.S.C. Sec. 3651 grants the federal judiciary power to revoke probation. A district court has broad discretion when making decisions concerning the grant or revocation of probation. See United States v. Johnson, 892 F.2d 369 (4th Cir.1989). The evidence is clear that the appellant, convicted on a drug offense, used an illegal drug--cocaine--during and in violation of his probation. This alone is sufficient to support revocation of probation.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are set forth in the record before us, and further argument would not aid in the decisional process. The judgment of the district court is hereby
 
 
 5
 AFFIRMED.