907 F.2d 1141
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robbin NEELY, Defendant-Appellant.
 No. 89-5202.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 15, 1990.
Decided June 5, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR No. 84-39)
 Lois J. Ely, Charlotte, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, Robert J. Conrad, Jr., Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The appellant, Robbin Neely, pleaded guilty to two counts of making and causing to be made, false, fictitious and fraudulent statements in a matter within the jurisdiction of the United States Department of Agriculture and the Department of Health and Human Services, in violation of 18 U.S.C. Sec. 1001. She was then sentenced to a six-month term of imprisonment, suspended, and placed on five years probation under standing conditions and the following special conditions: (1) that she obey all local, state, and federal laws; (2) that she comply with all rules and regulations of the United States Probation Office; (3) that she make restitution in the amount of $3,500.00 in such installments as her probation officer directs; and (4) that she reimburse the government for the cost of her court appointed attorney in such installments as her probation officer directs.
 
 
 2
 After a hearing on the matter, the district court found multiple violations of the terms and conditions of probation imposed on the appellant, and revoked her probation. The original six-month term of imprisonment was then activated. We now find that the record before us is replete with uncontradicted evidence that the appellant violated the express terms of her probation on numerous occasions. Accordingly, pursuant to the provision of 18 U.S.C. Sec. 3651, the district court properly revoked that term of probation. See United States v. Johnson, 892 F.2d 369 (4th Cir.1989). We dispense with oral argument because the facts and legal contentions are well set forth in the record before us and further argument would not aid in the decisional process. The judgment of the district court is hereby
 
 
 3
 AFFIRMED.