968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jackie Donnell HOLLINGSWORTH, Defendant-Appellant.
 No. 92-5049.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 24, 1992
Decided: July 15, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-85-8-3)
 Robert L. Cooper, Cooper, Davis & Cooper, Fayetteville, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Thomas W. Dworschak, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL, MURNAGHAN, and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jackie Donnell Hollingsworth appeals the district court's order revoking his probation. He argues on appeal that the district court lacked jurisdiction and abused its discretion in revoking his probation. Finding no merit in these claims, we affirm.
 
 
 2
 Hollingsworth was convicted by a jury on three theft offenses at the Pope Air Force Base in North Carolina, which were assimilated for federal prosecution under the Assimilative Crimes Act, 18 U.S.C.A. § 13 (West Supp. 1992), and were also in violation of 18 U.S.C. § 2 (1988). Hollingsworth was sentenced to three years in prison on Count 1, which were to be served after he finished serving a state sentence, and to five years probation on Counts 2 and 3, to be served after the prison term on Count 1. The probationary term was in lieu of a suspended five-year prison term.
 
 
 3
 Hollingsworth was paroled on July 11, 1990, and lived in a halfway house in Fayetteville, North Carolina. The next month he was charged with breaking and entering and larceny and subsequently pled guilty in state court to a misdemeanor charge of possession of stolen goods. A report by Hollingsworth's probation officer said these offenses occurred on June 26, 1990, while Hollingsworth was staying at the halfway house and that Hollingsworth denied involvement with the offenses when first questioned by the probation officer. Two urine samples volunteered by Hollingsworth during the spring of 1991 turned up some evidence of marijuana usage. The court initially modified his probation to require his participation in a formal substance abuse program.
 
 
 4
 In December 1991, the district court revoked Hollingsworth's probation after a hearing and sentenced him to three years in prison. He had been a fugitive for six months after failing to appear on the original date set for the revocation hearing. Hollingsworth admitted the violations alleged against him.
 
 
 5
 Hollingsworth argues his probation should not have been revoked because the state offenses he was charged with occurred some two weeks before his probationary period began on July 11, 1990. Hollingsworth did not make this argument to the district court. Nevertheless, this Circuit recently held that district courts have the power to revoke probation for actions occurring prior to the commencement of the probationary period. United States v. Johnson, 892 F.2d 369, 372 (4th Cir. 1989). Hollingsworth asks us to reconsider Johnson, but we decline.
 
 
 6
 Hollingsworth also argues that the district court abused its discretion when it revoked his probation for "technical" reasons and because he had a right to remain in the community and receive treatment. A district court has wide latitude in deciding whether to revoke probation and that decision is reviewed for abuse of discretion. Burns v. United States, 287 U.S. 216, 222-23 (1932). Probation is a privilege rather than a right as alleged by Hollingsworth. Id. at 220. The district court did not abuse its discretion when it revoked Hollingsworth's probation. There was nothing technical about the probation violations found by the district court.
 
 
 7
 Finding no merit in Hollingsworth's arguments, we affirm the district court's revocation of his probation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED