27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ceadric L. WASHINGTON, Defendant-Appellant.
 No. 93-5942.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 15, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James H. Michael, Jr., District Judge. (CR-89-9)
 Frederick T. Heblich, Jr., Parker, McElwain & Jacobs, P.C., Charlottesville, VA, for appellant.
 Robert P. Crouch, Jr., U.S. Atty., Jean B. Hudson, Asst. U.S. Atty., Charlottesville, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In 1990, Ceadric L. Washington pled guilty to making false representations to the United States Department of Housing and Urban Development, in violation of 18 U.S.C.A. Sec. 1001 (West 1976), after misrepresenting his financial status in applying for a subsidized apartment. The district court suspended the sentence and placed Washington on three years supervised probation, with special conditions that he make restitution as directed by the probation officer and that he actively seek and maintain full time employment during probation. In August 1993, this probation was revoked and he was sentenced to another two years probation.
 
 
 2
 On November 15, 1993, another probation revocation hearing was held. The district court found that Washington had failed to report incarceration for a traffic violation, a change in residence, and termination of his employment. The district court revoked probation and sentenced Washington to thirty-six months incarceration.
 
 
 3
 On appeal, Washington argues that insufficient evidence was presented to justify a finding that the terms and conditions of probation were violated. He argues that the traffic offense which resulted in incarceration was committed before the expiration of the first period of probation. Because that probation was revoked for other reasons, Washington argues that the offense should not be considered against this probation. He also argues that his failure to report his loss of a job is not a violation because he was also working another job. He contends that his failure to notify his probation officer of a change of address was not a violation because he thought he had tacit approval by a previous officer to use his parent's address as a permanent address.
 
 
 4
 The decision to revoke probation lies within the district court's discretion, and we review that decision for abuse of discretion. United States v. Williams, 15 F.3d 1356, 1364 (6th Cir.1994). The district court, based on evidence at the revocation hearing, found numerous violations of the conditions of probation, any one of which justified revocation. Washington's argument that the traffic offense should not be considered because it was committed prior to the first revocation is without merit. Section 3565(a), 18 U.S.C.A. (West Supp.1994), allows revocation of probation for conduct committed at any time before expiration or termination of probation. See United States v. Johnson, 892 F.2d 369, 372 (4th Cir.1989). His other arguments are also unconvincing.
 
 
 5
 Therefore, we affirm the decision of the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 6
 Washington's Motion to Submit Case on Briefs is granted, as the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED