UNITED STATES of America, Appellee,

v.

Alphonse MELE, Defendant–Appellant.

No. 1053, Docket 96–1477.

United States Court of Appeals,
Second Circuit.

Argued March 5, 1997.

Decided July 7, 1997.

Peter A. Clark, Assistant United States Attorney, District of Connecticut, New Haven, CT (Christopher F. Droney, United States Attorney), for Appellee.

Howard C. Eckenrode, Milford, CT, for Defendant–Appellant.

Before: WALKER, McLAUGHLIN, and WOOD, Circuit Judges.*

PER CURIAM:

Defendant-appellant, Alphonse Mele, challenges an order of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*), entered on September 4, 1996, revoking the appellant's probation and imposing a sentence of imprisonment. This appeal presents the question of whether under 18 U.S.C. § 3651 (repealed 1987) ("section 3651") a district court has the authority to revoke an offender's probation in light of conduct occurring after sentencing but prior to the commencement of his or her probationary term. Although this is a matter of first impression for us, several circuits have found that district courts possess such authority. We agree with their analysis and affirm the judgment of the district court.

---

*. Hon. Harlington Wood Jr., of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

## I. BACKGROUND

On September 28, 1988, Mele pleaded guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 1202(a)(1) (count one) and conspiracy to commit that offense in violation of 18 U.S.C. § 371 (count two). Both charges arose from conduct occurring in 1986; accordingly, the probation provisions in force prior to the sentencing guidelines regime that became effective in 1987 are applicable in this case. *See United States v. Williams*, 15 F.3d 1356, 1358 (6th Cir.1994). On December 18, 1988, the district court sentenced Mele to two years' imprisonment on count one and five years' imprisonment on count two. The latter sentence was suspended in favor of five years' probation, and sometime thereafter, the court suspended the execution of the two-year prison sentence on count one as well.

At the time he received the foregoing sentence, Mele was serving a five-year prison sentence for a state offense in Georgia which was to be followed by a five-year probation term. At the sentencing, the district court ordered that Mele's federal probationary sentence follow the completion of the Georgia sentence, including the probation component. On June 14, 1991, Mele was paroled from prison in Georgia. His parole term, assuming no violations, was scheduled to terminate on July 7, 1993, at which time the state probation term was to begin. Thus, under the district court's sentencing order, Mele's federal probationary term would not begin until approximately July 1998.

On February 12, 1994, while on probation for the Georgia conviction, Mele was arrested in Florida on various state charges, including aggravated battery of a law enforcement officer, driving under the influence, and possession of cocaine, and, on April 13, 1995, he was convicted in Florida on certain of these charges. This conviction affected Mele's case in Georgia and in the district court.

On May 5, 1995, a Georgia court found that Mele violated his probation and revoked the remainder of his probationary term. Thereupon, he started serving his Georgia and Florida sentences concurrently in Georgia. Because the Florida prison term exceeds the Georgia term, Mele will be transferred to a Florida prison to serve the remainder of the Florida sentence.

After the Florida conviction, federal authorities sought to revoke the federal probationary term scheduled to follow the Georgia probationary term. In a motion to dismiss the revocation proceedings, Mele argued, *inter alia*, that the district court was without the statutory authority to revoke his probation because he had not, and has not to this day, commenced serving his federal term of probation. On May 21, 1996, the district court denied the motion to dismiss.

On July 8, 1996, the district court revoked Mele's probation and sentenced him to one year's imprisonment on count one and a consecutive five-year prison term on count two, the latter suspended after six months, to be followed by a five-year term of probation. This appeal followed.

## II. DISCUSSION

■ On appeal, Mele challenges the authority of the district court to revoke or alter his probation prior to its commencement based on pre-probation conduct. We have not addressed this issue previously but now join several of our sister circuits and hold that 18 U.S.C. § 3651 (repealed 1987) permits district courts to revoke probation based on pre-probation conduct. *See United States v. Derewal*, 66 F.3d 52, 54–55 (3d Cir.1995); *United States v. Williams*, 15 F.3d 1356, 1358–60 (6th Cir.1994) (Oakes, J., sitting by designation); *United States v. Fryar*, 920 F.2d 252, 254–55 (5th Cir.1990) (citing *United States v. Ross*, 503 F.2d 940 (5th Cir.1974), and *United States v. Cartwright*, 696 F.2d 344 (5th Cir.1983)); *United States v. Johnson*, 892 F.2d 369, 370–72 (4th Cir.1989); *United States v. Daly*, 839 F.2d 598, 600–01 (9th Cir.1988); *United States v. Yancey*, 827 F.2d 83, 85–88 (7th Cir.1987); *United States v. Veatch*, 792 F.2d 48, 51–52 (3d Cir.1986).

■ A district court's authority to grant or revoke probation derives solely from statutory enactment. *See Affronti v. United States*, 350 U.S. 79, 83, 76 S.Ct. 171, 173–74, 100 L.Ed. 62 (1955). We begin with the lan-

guage of the relevant statute. Section 3651 provides, *inter alia,* that

> [u]pon entering a judgment of conviction of any offense . . . , any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, may suspend the imposition of sentence and place the defendant on probation for such a period and upon such terms and conditions as the court deems best. . . .
>
> The court may revoke or modify any condition of probation, or may change the period of probation.
>
> The period of probation, together with any extension thereof, shall not exceed five years. . . .

Section 3651 vests district courts with broad authority to revoke or modify any condition of probation. "Nothing in the language of this statute limits the authority of a court to revoke probation to conduct occurring within the period of probation." *Williams,* 15 F.3d at 1358. This notwithstanding, several offenders in Mele's shoes have suggested potential limiting constructions of § 3651; however, none bears up under scrutiny.

First, the argument goes, § 3651, by its terms, permits a district court to alter or revoke only "conditions" of probation, rather than the probationary term itself. We think such a reading is unduly cramped. "There is no indication that Congress would have chosen to treat the power to revoke conditions of probation different from the power to revoke probation itself." *Yancey,* 827 F.2d at 87; *see also Veatch,* 792 F.2d at 51. Moreover, § 3651 confers on courts the authority to "change the period of probation." "We see no reason why the power to shorten would not necessarily include the power to eliminate probation." *Yancey,* 827 F.2d at 87. This is especially so in light of the remedial purpose underlying the sentence of probation, which has been characterized as "a matter of favor" granted with the expectation that an offender will benefit from "an opportunity for reformation which actual service of the suspended sentence might make less probable." *Burns v. United States,* 287 U.S. 216, 220, 53 S.Ct. 154, 155–56, 77 L.Ed. 266

(1932) (citation omitted); *see also Roberts v. United States,* 320 U.S. 264, 272, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943) (acknowledging that Congress has vested wide discretion in the courts in matters of probation).

A second potential limiting construction of § 3651 is one that would prohibit a court from revoking probation prior to the commencement of its term because doing so, in effect, would extend the probationary term beyond the prescribed five-year period. We decline to so construe § 3651 and in this regard adopt the reasoning of the Seventh Circuit in *United States v. Yancey,* 827 F.2d 83, 88 (7th Cir.1987).

In subsequent legislation, the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, Title II, § 212(a)(2), 98 Stat. 1976, 1995 (codified at 18 U.S.C. § 3565) (effective November 1, 1987), Congress expressly amended the probation provisions to permit revocation of probation "at any time prior to the expiration or termination of the term of probation," while retaining the same five-year maximum probationary term as in the prior section. *See* 18 U.S.C. § 3561(c)(1) (1985 & Supp. 1997). Thus, we agree with the court in *Yancey* that "the legislature did not, in enacting the new legislation, believe it inconsistent to limit the [probationary] term to five years, while allowing revocation *at any time* before the terms of probation expires," 827 F.2d at 88 (emphasis in original), and that this amendment was intended to clarify the prior law, not change it.

■ As *Yancey* points out, "[o]ne well-recognized indication that a subsequent amendment was intended to clarify, rather than change existing law, is the existence of doubt or ambiguity in the previous statute," *id.,* and prior to the revision of the probation statutes, several courts had indicated the provision's ambiguity on this point, *see, e.g., United States v. Ross,* 503 F.2d 940, 942–43 (5th Cir.1974). Our conclusion that the legislature's subsequent expression that modification or revocation of probation before the term begins is consistent with a five-year limitation on probation sentences supports our view that § 3651 should not be construed differently. This conclusion is reinforced by the practical concern that courts be equipped

to correct a probationary sentence imposed upon "an erroneous assumption that [the] defendant would likely benefit from leniency," the error of which is demonstrated by the defendant's recidivism. *Veatch,* 792 F.2d at 52.

Although not expressly raised by appellant, we also reject an argument that has surfaced elsewhere that 18 U.S.C. § 3653 (repealed 1987) limits a district court's authority to revoke probation based on pre-probation conduct.[1] This provision primarily addresses a court's authority to issue arrest warrants in the context of probation revocation and the procedures to be followed thereafter. *See Yancey,* 827 F.2d at 86. It should not be read as a general limitation on the authority of district courts to revoke or alter the terms of probation prior to its commencement. *See id.; Williams,* 15 F.3d at 1358–60.

 As a final matter, we decline Mele's invitation to invoke our inherent supervisory authority to limit the time frame within which the district court may revoke an offender's probation. Although we recognize that the conduct giving rise to the district court's revocation of probation occurred some five years after the date of sentencing, we see no reason—nor has Mele provided one—to limit the authority of the district court to reexamine the wisdom of its original sentencing decision and come to a different conclusion. "[S]upervisory authority is not a form of free-floating justice, untethered to legal principle." *United States v. Ming He,* 94 F.3d 782, 792 (2d Cir.1996). Mele's proposed supervisory rule is not only unsupported by any legal or constitutional principle, it is also unsound because it would disable a district judge from adjusting a sentence in society's favor in the appropriate circumstance of ad-

ditional criminal conduct by the defendant before the probationary term begins.

## III. CONCLUSION

We have considered Mele's remaining arguments and find them to be without merit. Accordingly, we affirm the judgment of the district court.

---

1. Section 3653 provides, *inter alia,* that

    [a]t any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period. . . .

    As speedily as possible after the arrest, the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.